IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES P. REYNOLDS, as
Conservator of LATHERIO LEONARD,
a minor,

       Plaintiff,                                      Civ. No. 03-1024 JP/LFG

v.

SEARS, ROEBUCK & CO.; SIMON PROPERTY,
L.P., d/b/a COTTONWOOD MALL; PERMIAN
ELEVATOR CORPORATION OF ALBUQUERQUE;
KONE, INC.; AND JOHN DOES, I-V;

       Defendants.

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order grants Plaintiff's Motion and Incorporated Memorandum to Remand Pursuant to 28 U.S.C. Section 1447(e) filed June 14, 2004 (Doc. 40). Plaintiff originally filed this lawsuit in state court. Defendants Sears, Roebuck and Co. and Simon Property removed the lawsuit to federal court under diversity jurisdiction. After removal, Plaintiff added a non-diverse party, Defendant Permian Elevator of Albuquerque (Permian), and subsequently moved for remand. After a careful review of the law, the briefs and the evidence in the record, I conclude that Plaintiff's motion to remand should be granted.

**A.  Background**

On or about March 27, 2002, eight-year-old Latherio Leonard and his mother, Sharon Minner, were shopping at the newly-opened Sears store in Cottonwood Mall in Albuquerque, New Mexico. They boarded the escalator moving from the second floor down to the first floor.

While descending, Latherio placed his hand on the adjacent ascending elevator handrail.  Plaintiff alleges that the elevator caught Latherio's hand, jerked him off his feet and carried him to the top of the ascending elevator.  Defendants aver that Latherio reached across an eighteen-inch gap to grab hold of the ascending elevator, rode the railing upward and lost his grip at the top.  In either situation, Latherio fell from the elevator and struck the bottom landing, causing Latherio's brain injuries, his psychological and psychiatric impairments, and blindness in one eye.

Plaintiff filed suit in the Second Judicial District of New Mexico on July 17, 2003, naming as Defendants Sears, Cottonwood Mall, Schindler Escalator, and John Does I-V.  After the initial filing but before removal, Plaintiff's attorney spoke with Defendant Sears' attorney about plans to file an Amended Complaint substituting Permian for one of the John Does.  Defendants Sears and Simon Property removed this lawsuit to this court on September 4, 2003 under 28 U.S.C. Sections 1441 and 1446, invoking this Court's diversity of citizenship subject matter jurisdiction under 28 U.S.C. Section 1332.  Plaintiff and Defendant Sears are citizens of different states. Defendants Simon Property and Kone, who were added in the Second Amended Complaint for Personal Injury, are also diverse from Plaintiff.

After removal, I granted Plaintiff's Agreed Motion for Leave to File Second Amended Complaint and the February 27, 2004 Second Amended Complaint joined Defendant Permian, a defendant who is not diverse from Plaintiff because both are citizens of the State of New Mexico. Plaintiff alleged in the Second Amended Complaint that Defendant Permian performed the escalator installation, repair and service on the escalator.  Plaintiff then moved on June 14, 2004 for remand to state court, claiming that this federal court no longer had subject matter jurisdiction.

2

**B. Analysis**

Federal statute controls this case. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. Section 1447(e). The first step in this analysis is to determine if Defendant Permian's joinder destroys subject matter jurisdiction. Complete diversity between the Plaintiff and all Defendants is required in order for a federal court to exercise diversity of citizenship subject matter jurisdiction. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Harris v. Illinois-California Exp., Inc., 687 F.2d 1361, 1366 (10th Cir. 1982). Courts have found some exceptions to the rule of complete diversity that permit federal courts to hear cases under diversity subject matter jurisdiction even when one party is not diverse. See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081 (10th Cir. 2003). In Salt Lake Tribune, the Tenth Circuit determined that diversity jurisdiction is not necessarily destroyed by the addition of a non-diverse party; however, diversity jurisdiction is destroyed if the new, non-diverse party was indispensable at the time the action commenced. Id at 1096, *citing* Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991) (per curiam). The rule of Salt Lake Tribune and Freeport-McMoRan does not resolve the case before me.

Both Freeport-McMoRan and Salt Lake Tribune considered the substitution of a new defendant under Fed. R. Civ. P. 25(c), which addresses the transfer of interests from an original party to a transferee. Freeport-McMoRan, 498 U.S. at 428; Salt Lake Tribune, 320 F.3d at 1095-96. Freeport-McMoRan is limited to the substitution of parties under Rule 25 and would not apply where a plaintiff joins a new defendant, as Plaintiff has in this case. When a plaintiff joins an additional defendant, as opposed to substituting defendants, 28 U.S.C. Section 1447(e) controls.

See Casas Office Machines, Inc. v. Mita Copystar A. Inc., 42 F.3d 668, 674 (1st Cir. 1994).

("Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."); Bishop v. Moore, No. Civ. A. 99-2275-GTV, 2000 WL 246583, at *2-3 (D. Kan. Feb. 4, 2000) (holding that Freeport-McMoRan's proposition that diversity jurisdiction, once established, is not necessarily defeated by addition of a non-diverse party to an action does not apply where plaintiff seeks to join new defendant); Stubbs v. Kline, No. Civ. 97-2133-JW, 1998 WL 295598 (D. Kan. May 20, 1998) (holding that 28 U.S.C. Section 1447(e), and not Freeport-McMoRan, applies where a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction); Sharp v. Kmart Corp., 991 F. Supp. 519, 524-27 (M.D.La. 1998) holding that Section 1447(e), and not Freeport-McMoRan, controls where the case does not involve a Rule 25(c) motion).  That is the situation here.

Assuming that the rule in Freeport-McMoRan and Salt Lake Tribune is somehow applicable to this case,  this Court could only retain jurisdiction if the joined party is not indispensable.  Defendant Sears contends that Defendant Permian is not indispensable but Plaintiff has raised sufficient doubt regarding Defendant Permian's potential centrality in apportioning

liability to weigh against the Court continuing to exercise removal jurisdiction.[1]  From reading the factual contentions in the briefs, I tend to think that Plaintiff has made a case for the indispensability of Defendant Permian.  Furthermore, "Doubtful cases must be resolved in favor of remand."  Archuleta v. Lacuesta, 131 F.3d 1359, 1370 (10th Cir. 1997) citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (there is a presumption against  removal jurisdiction). "Federal removal jurisdiction is statutory in nature and is to be strictly construed."  Archuleta v. Lacuesta, 131 F.3d 1359, 1370 (10th Cir. 1997) citing Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108 (noting Congressional intent to restrict federal court jurisdiction on removal).  The Court lacks subject matter jurisdiction even under the Freeport-McMoRan and Salt Lake Tribune rule.

     Having determined that under either Section 1447(e) or the rule in Freeport-McMoRan and Salt Lake Tribune that the Court lacks subject matter jurisdiction, the Court must decide whether remand is appropriate.  Section 1447(e) provides for a denial of joinder or remand after allowing joinder.  Since I have already permitted joinder of Defendant Permian, by agreement of the other Defendants, the only choice Congress now allows the Court is to remand the action to state court.  Legislative history confirms Congressional intent to create a straightforward, dichotomous approach to 28 U.S.C. Section 1447(e).  Congress contemplated allowing the courts

---

[1] If I were to determine that Defendant Permian was not indispensable at the time the action commenced, then it could be proper for the Court to continue exercising removal jurisdiction (setting aside for the sake or argument the Rule 25 distinction discussed supra).  However, should further discovery and evidence presented at trial point to the fact that Defendant Permian was indispensable at the time the action commenced, then I would be required under 28 U.S.C. Section 1447(e) and the rule of Freeport-McMoRan and Salt Lake Tribune to remand the case to state court.  In order to preserve the judicial resources of both the state and federal systems, the most efficient course of action is to remand the case to state court for further proceedings where jurisdiction is unassailably proper whether or not Defendant Permian is found to have been indispensable at the time the action commenced.

to "permit joinder and *either* remand to state court or retain jurisdiction," (emphasis added) but rejected this broader approach that would enlarge diversity jurisdiction.  H.R. Rep. No. 100-889, at 72 (1988).  Instead, Congress favored the traditional requirement of complete diversity among the parties.  H.R. Rep. No. 100-889, at 72 (1988).

In order not to lose sight of the forest through the trees, it is worthwhile to consider when a state law tort suit brought in state court should be removed and remain in federal court.  The traditional rationale for federal diversity jurisdiction is to protect out-of-state residents from prejudice in state courts.  In the Defendants' Response to Plaintiff's Motion to Remand, no Defendant raised the issue of potential prejudice or other unfairness to the Defendants of proceeding in state court.  I am hard pressed to imagine that Defendants, who all have local business addresses, likely employ local people, are represented by local counsel, and carry on a business as a local mall, will be subject to bias as out-of-state residents.  Defendants will have ample opportunity in state court to protect their interests in this litigation based on state law.

THEREFORE IT IS ORDERED that Plaintiff's Motion And Incorporated Memorandum to Remand Pursuant to 28 U.S.C. Section 1447(e) is GRANTED.


_____
SENIOR UNITED STATES DISTRICT JUDGE